Filing # 140157667 E-Filed 12/10/2021 04:47:58 PM

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

PEDRO JUAN MILLAN,

      **Plaintiff,**

v.

RECEIVABLE MANAGEMENT
GROUP INC,

      **Defendant.**

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Pedro Juan Millan ("Plaintiff") sues Defendant Receivable Management Group Inc ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Osceola County, Florida.

3.    The amount in controversy is greater than $8,000 but not to exceed $15,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Osceola County Florida.

PAGE | **1** of 7

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Osceola County, Florida.

6.      Defendant is a Georgia corporation, with its principal place of business located in Columbus Georgia 31907.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8.      On or about September 17, 2020, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On or about September 18, 2020, Radiology Association of South Florida ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

10.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

11.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.    Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

15.    Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

16.    Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.    On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.    Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.    Defendant is a business entity engaged in the business of collecting consumer debts.

20.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.    Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.    Defendant's "Consumer Collection Agency" license number is CCA9903879.

23.    Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.    The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

26.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

27.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.     On a date better known to Defendant, Defendant sent a collection letter, internally dated March 1, 2021, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.     The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.     The Collection Letter represents an action to collect a debt by Defendant.

31.     Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT 1.*
## <u>VIOLATION OF 15 U.S.C. § 1692e(2)(A)</u>

32.     Plaintiff incorporates by reference paragraphs 1-31 of this Complaint as though fully stated herein.

33.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require...."

34.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt.*" 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.     As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38.    Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

39.    Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the $110.00 sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.    Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

**[The rest of this page left intentionally blank.]**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: December 10, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

EXHIBIT "A"

## *Receivable Management Group, Inc.*

2901 University Ave. #29 • Columbus, GA 31907
(706) 221-5317 • (833) 989-0897
Monday – Thursday 8:30 am to 6:00 pm EST
Friday 8:30 am to 4:00 pm EST

March 1, 2021

PEDRO MILLAN
1779 Ranger Highlands Rd
Kissimmee FL 34744-6077

Creditor: RADIOLOGY ASSOC OF SOUTH
FLORIDA
Creditor Acct #:   1785305
Account #:            9JV4N8
Amount Due:         $110.00

Dear PEDRO MILLAN,

This is a demand for payment in full. Your unpaid balance is to be paid directly to our office. If you have any questions or concerns, please call (706) 221-5317 or (833) 989-0897. For your convenience, you may also log onto our secure website to make a payment at pay.rmgcollections.net. This communication is from a debt collector.

Your prompt attention to this matter is appreciated.

Sincerely,

Susan Jones

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

897-CAMRMGP10-ST1-12/13/10

*** Please detach the lower portion and return with your payment ***

Y2EEAF3E55

PO Box 6070
Columbus GA 31917-6070
RETURN SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

PLUS   VISA   DISCOVER

CARD NUMBER                                   EXP. DATE
CARD HOLDER NAME                          CVV
SIGNATURE                                         AMOUNT PAID

March 1, 2021

Creditor: RADIOLOGY ASSOC OF SOUTH FLORIDA
Creditor Acct #    1785305
Account #:           9JV4N8
Amount Due:        $110.00

PEDRO MILLAN
1779 Ranger Highlands Rd
Kissimmee FL 34744-6077

Receivable Management Group, Inc.
PO Box 6070
Columbus GA 31917-6070