# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# DIVISION ORLANDO

| | |
|---|---|
| PEDRO JUAN MILLAN, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>RECEIVABLE MANAGEMENT )<br>GROUP, INC. )<br>)<br>Defendant. )<br>_____ ) | Civil Action File No.<br>6:22-cv-00197-CEM-EJK |

## DEFENDANT'S ANSWER

COMES NOW, Receivable Management Group, Inc., ("Defendant"), Defendant in the above-referenced action and files this Answer in response to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability.

## THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

## PARTIES

5. Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

7. Defendant denies, to the extent it can, the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Compliant.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Compliant.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Compliant.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Compliant.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Compliant.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Compliant.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Compliant.

16. Defendant admits that Radiology Association of South Florida placed Plaintiff's unpaid account with it for collection. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 16 of the Plaintiff's Compliant.

17. Defendant admits sending Plaintiff a letter dated March 1, 2021. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Plaintiff's Compliant.

18. The allegations contained in Paragraph 18 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

19. The allegations contained in Paragraph 19 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

20. Defendant admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant admits that it complies with all rules and regulations.

24. Defendant admits that it complies with all rules and regulations.

25. The allegations contained in Paragraph 25 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

26. The allegations contained in Paragraph 26 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

27. The allegations contained in Paragraph 27 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

28. Defendant admits sending Plaintiff written correspondence dated March 1, 2021 in an attempt to collect an unpaid account. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. The allegations contained in Paragraph 29 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692e(2)(A)

32. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

33. The allegations contained in Paragraph 33 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

34. The allegations contained in Paragraph 34 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

35. The allegations contained in Paragraph 35 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

36. The allegations contained in Paragraph 36 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of February 2022.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Florida Bar No. 1033458
*Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
DIVISION ORLANDO

| | |
|---|---|
| PEDRO JUAN MILLAN, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>RECEIVABLE MANAGEMENT )<br>GROUP, INC. )<br>)<br>    Defendant. )<br>   ) | Civil Action File No.<br>6:22-cv-00197-CEM-EJK |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant's Answer using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Paul Herman<br>paherman1956@gmail.com | Thomas J. Patti, III<br>tom@jibraellaw.com |

This is to certify that on this date I deposited a copy of the foregoing in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Joel A. Brown
Friedman & Brown, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309

Respectfully submitted this 8th day of February 2022.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Florida Bar No. 1033458
*Counsel for Defendant*