

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:22-cv-00197-CEM-EJK.

PEDRO JUAN MILLAN,

    Plaintiff,

v.

RECEIVABLE MANAGEMENT GROUP INC,

    Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEYS' FEES

Plaintiff Pedro Juan Millan ("Plaintiff") submits this Memorandum of Law in Support of Plaintiff's Verified Motion for Award of Attorneys' Fees.

### I.    INTRODUCTION

1.    On December 10, 2021, Plaintiff sued Defendant Receivable Management Group Inc ("Defendant") for violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). In short, Plaintiff claimed that Defendant violated § e(2)(A) of the FDCPA by attempting to collect a debt from Plaintiff that arose from the treatment of a work-place injury sustained by Plaintiff. *See* D.E. 1-1 at ¶¶ 8-31. On April 08, 2022, Defendant offered to have judgment entered against it for $2,000.00 plus reasonable attorneys fees and costs. *See* D.E. 18-1. On April 20, 2022, Plaintiff accepted Defendant's offer of judgment. *See* D.E.

<u>18</u>. On May 09, 2022, this Court entered judgment against Defendant pursuant to Defendant's offer and directed Plaintiff to seek reasonable attorneys fees and costs. *See* <u>D.E. 19</u>.

2. Accordingly, Plaintiff as the prevailing party in this Action, now seeks a judgment for attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure.

3. Plaintiff is represented by Thomas J. Patti, Esq. ("Attorney Patti"), and Paul A. Herman, Esq. ("Attorney Herman"). Prior to filing the Motion which this Memorandum supports, Attorney Patti expended a total 20.3 on behalf of Plaintiff and Attorney Herman expended a total of 12.7 hours on behalf of Plaintiff. Attorney Patti and Attorney Herman (collectively, "Counsel") expended a total of 33 hours on behalf of Plaintiff.

4. The hourly rate for the services provided by Attorney Patti is $525.00. *See* <u>Exhibit B</u>. The hourly rate for the services provided by Attorney Herman is $625.00. Accordingly, the reasonable attorneys' fees for the services of Counsel is the sum of Attorney Patti's reasonable attorneys' fees (20.3 hours at $525.00/hour, equaling $10,657.50) plus that of Attorney Herman (12.7 hours at $625.00/hour, equaling $7,937.50), the sum of which equals $18,595.00.

## II.     ARGUMENT

A. ***PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION AND IS ENTITLED TO REASONABLE ATTORNESY'S FEE***

5. The FDCPA provides for the payment of reasonable attorneys' fees and costs to successful consumer. *See* 15 U.S.C. § 1692k(3).

6. Pursuant to 15 U.S.C. § 1692k(3), in the case of a successful action to enforce liability under the FDCPA, a plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."

7. In this case, Defendant was found to have violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e10), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692(4) of the FDCPA by, in an attempt to collect a consumer debt, dispatching a collection letter to Plaintiff without first registering as a consumer collection agency as per § 559.551 of the FCCPA. *See* D.E. 64 at 17; *see also* D.E. 85 (wherein this Court determined that Defendant did not qualify for any exemption to the registration requirement set forth under Fla. Sta. § 559.551, and thus, granted [D.E. 75] Plaintiff's Motion for Summary Judgment). Accordingly, Plaintiff prevailed against Defendant, and is entitled to, *inter alai*, reasonable attorney's fees.

8. The Second Circuit stated "the award of attorney's fees to Plaintiff for a debt collector's violation of 'any provision' of the FDCPA is mandatory." Pipiles v. Credit Bureau of Lockport, Inc., 886 F. 2d 22, 28 (2d Cir. 1989), *citing* Emanuel

v. American Credit Exchange, 870 F. 2d 805, 809 (2d Cir. 1989). "Under the Fair Debt Collection Practices Act ('FDCPA'), the prevailing Plaintiff is entitled to 'a reasonable attorney's fee as determined by the court.' 1 5 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." Edwards v. National Business Factors, Inc., 897 F. Supp. 458, 459 (D. Nev. 1995) (citations omitted). As the prevailing parties in this case, Plaintiff is entitled to an award of costs and reasonable attorney fees. Thorpe v. Collection Information Bureau, Inc., 963 F. Supp. 1172, 1174 (S.D. Fla. 1996).

9. Attorneys' fees should not be construed as a special or discretionary remedy. Rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act be a tool for debtors to act as private attorneys general. *See* Graziano v. Harrison, 950 F. 2d 107, 113 (3d Cir. 1991). In re Martinez, 266 B.R. 523, 537 (Bankr. S.D. Fla. 2001) aff'd 271 B.R. 696 (S.D. Fla. 2001). *See also*, DeJesus v. Banco Popular de Puerto Rico, 918 F. 2d 232, 235 (1st Cir. 1990).

B. *PLAINTIFF'S ATTORNEYS' FEES ARE CALCULATED PURSUANT TO THE LODESTAR FORMULA*

10. The United States Supreme Court has explained the calculation for an award of attorneys' fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on

which to make an initial estimate of the value of a lawyer's services.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); *See also* Thorpe, 963 F. Supp. at 1174. Although this decision arose in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.'" Hensley, 461 U.S. at 433, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 758 fn. 2 (1989) (*quoting* Northcross v. Memphis Bd. of Education, 412 U.S. 427, 428 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." Resolution Trust Corp. v Hallmark Builders, Inc., 836 F.2d 114, 1147 (11th Cir. 1993); Friend v. Kolodzieczak, 72 F. 3d 1386, 1389 (9th Cir. 1995); Thorpe, 963 F. Supp. at 1174.

    11.    Collectively, the time of Counsel equaled 33 hours. The customary hourly rate of Attorney Patti (of whom expended 20.3 hours) is $525. The customary hourly rate of Attorney Herman (of whom expended 12.7 hours). Consequently, the lodestar calculation for the services of Counsel is the sum of Attorney Patti's reasonable attorneys' fees (20.3 hours at $525.00/hour, equaling $10,657.50) plus

that of Attorney Herman (12.7 hours at $625.00/hour, equaling $7,937.50), the sum of which equals $18,595.00. Thus, lodestar calculation for reasonable attorneys' fees is $18,595.00.

C. **_COUNSEL FOR PLAINTIFF'S HOURLY RATE IS APPROPRATE_**

12. The amount of damages recovered by a plaintiff does not affect counsel's entitlement to reasonable attorney's fees. As long as the plaintiff is successful, the plaintiff should be awarded attorney's fees pursuant to the loadstar calculation.

13. The Seventh Circuit reversed a District Court's denial of attorney's fees even though the plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. Zagorski v. Midwest Billing Services, Inc., 128 F. 3d 1164 (7th Cir. 1997). Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. Schimmel v. Slaughter, 975 F. Supp. 1481, 1484 (M.D. Ga. 1997).

14. With respect to the matter at hand, however, Plaintiff has recovered **twice the maximum** amount of statutory damages permissible under the FDCPA. *See* 15 U.S.C. § 1692k (codifying $1,000 as the maximum amount of statutory damages recoverable). Here, Plaintiff has recovered $2,000 as a result of Defendant's violation of the FDCPA. *See* D.E. 18.

### III. CONCLUSION

15. For the foregoing reasons, Plaintiff respectfully request this Honorable Court to approve as fair, reasonable, and adequate, this request for attorneys' fees in the amount of $18,595.00.

Dated: May 23, 2022

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:  jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:  tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*