IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
DIVISION ORLANDO

| | |
|---|---|
| PEDRO JUAN MILLAN, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action File No. |
| | ) 6:22-cv-00197-CEM-EJK |
| RECEIVABLE MANAGEMENT GROUP, INC. | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

COMES NOW Defendant Receivable Management Group, Inc. ("RMG") and files its response in opposition to Plaintiff's Motion for Award of Attorneys' Fees as follows:

### INTRODUCTION

Plaintiff Pedro Juan Millan ("Millan") filed suit on December 10, 2021, in the County Court of the 9th Judicial Circuit, Osceola County, Florida alleging a single claim for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§ 1692 et seq. Doc. 1-1. At issue was one letter that RMG sent Millan dated March 1, 2021, attempting to collect a debt on behalf of the creditor Radiology Associates of South Florida ("RASF"). Doc. 1-1, ¶ 28. That debt was not owed by Millan as it was related to a work injury. Doc. 1-1, ¶¶ 9 to 17. Since he did not owe the debt, he alleged that RMG violated 15 U.S.C. § 1692e(2)(A). Doc. 1-1, ¶¶ 9 to 17 and 32 to 40. This is not a new or novel claim. This is one of hundreds of substantially similar cases that Thomas Patti ("Mr. Patti") and Paul Herman ("Mr. Herman") have filed in state and federal courts in Florida.

- 1 -

RMG removed this case to federal court on February 1, 2022, and the Parties complied with this Court's local rules and filed its Uniform Case Management Report on March 31, 2022. Otherwise, no other litigation occurred in this case. RMG served an offer of judgment on April 8, 2022, and it was accepted on April 20, 2022. With minimal litigation conducted in this case Mr. Patti and Mr. Herman now seek $18,595.00 in attorneys' fees for 33 hours of work. For the following reasons, Mr. Patti and Mr. Herman's hourly rates and hours are unreasonable.

I. **Lodestar Calculation**

The lodestar approach is used to determine a reasonable attorney fee. *Norman v. Hous. Auth*. 836 F. 2d 1292 (11th Cir. 1988). The lodestar fee is calculated by multiplying the reasonable hourly rate for the services provided by the hours reasonably expended on the litigation. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994). It is the fee applicant's burden to demonstrate that its rate and hours are reasonable. *Norman*, 836 F. 2d at 1303. A party can satisfy this burden by either producing direct evidence of rates charged in other circumstances or opinion evidence of reasonable rates. *Sandler v. Michael Maxwell Grp. LLC,* 6:19-cv-1688, 2019 U.S. Dist. LEXIS 223815, * 12 (M.D. Fla. Dec. 13, 2019), adopted by *Sandler v. Michael Maxwell Grp. LLC,* 6:19-cv-1688, 2020 U.S. Dist. LEXIS 737 (M.D. Fla. Jan. 3, 2020).

II. **Reasonable Hourly Rate**

A reasonable rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Norman*, 836 F. 2d at 1299. The burden is on the fee applicant to come forward with satisfactory evidence that their rates are in line with the prevailing market rates. *Id*. Such satisfactory evidence would be evidence of rates charged by other lawyers in similar circumstances or opinion evidence of reasonable rates. *Id*. An affidavit from the attorney that performed the work is not satisfactory

evidence of a reasonable rate. *Loranger,* 10 F.3d at 781. If a party fails to provide any such evidence, then the Court can rely on its own knowledge and experience of the prevailing market rate to determine a reasonable hourly rate. *Norman*, 836 F. 2d at 1303. Courts are to leave the higher rates to the most skilled attorneys litigating complex cases. *Westlake v. Atl. Recovery Solutions, LLC,* 8:15-cv-1626, 2016 U.S. Dist. LEXIS 7692, * 7 (M.D. Fla. Jan. 22, 2016).

When determining a reasonable rate, the Court may consider the following factors:

1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

*Sandler,* 2019 U.S. Dist. LEXIS at * 13 (citing *Johnson v. Georgia Highway Exp. Inc*. 488 F. 2d 714 (5th Cir. 1974). These factors are referred to as the *Johnson* factors.

The only evidence that Mr. Patti and Mr. Herman provided regarding the reasonableness of its rate are self-serving affidavits that state their rates are reasonable. Such evidence is insufficient. *Loranger,* 10 F.3d at 781. Millan's attorneys do cite cases in the United States District Court for the Southern District of Florida as evidence of the reasonableness of their rates.[1] However, since those rates are not in the prevailing market (the Orlando Division of the Middle District of Florida), those rates do not apply here. Since Millan has failed to carry his burden, the Court can rely on its own experience to set the reasonable rate for Mr. Patti and Mr.

---

[1] In 2021, Mr. Patti was awarded a rate of $375 an hour and Mr. Herman was awarded $450 an hour. *Greenwald v. Frost-Arnett Co.,* 19-62751, 2021 U.S. Dist. LEXIS 33613 (S.D. Fla. Feb. 22, 2021). Both attorneys are now seeking an almost 40% increase in their hourly rate that was just awarded last year. Even in a period of record inflation, such a drastic increase is unwarranted. Furthermore, that rate was not awarded in this District or Division and neither Mr. Patti nor Mr. Herman provide any evidence of the prevailing market rate in that legal community.

Herman. When applying the *Johnson* factors to this case, the requested rates are completely and utterly unreasonable and warrant a substantially lower hourly rate than requested.

    a. **_Johnson_ Factors**

        i. **Time and Labor Required, Novelty and Difficulty of the Questions and Skill Requisite to Perform the Legal Services Properly**

These three *Johnson* factors involve overlapping issues so they will be combined and discussed together. When applying these factors to this case, it is clear that the requested rates of $525 and $625 are unreasonable. Millan contends that his injury was work related and, pursuant to Florida state law he does not owe for services related to a work-related injury. Since he doesn't owe the debt, RMG's one letter violated the FDCPA. This is not a novel issue and Millan's counsel has litigated hundreds of these claims.[2] This was a straightforward FDCPA case. It involved one FDCPA claim involving one letter to Millan. This was not a class action. No federal court discovery was propounded, and no depositions were taken. No dispositive motions were filed. Millan accepted an offer of judgment which was served within three months of being removed to this Court.

Millan's attorneys testify that they have extensive experience in this practice area. Therefore, this run-of-the-mill case did not involve (or require) extensive time or labor. It did not involve a difficult, complex or novel issue. It involved an individual FDCPA claim about one collection letter. Handling such a claim did not require exceptional skill. Even though an

---

[2] For example, Mr. Patti's firm has filed several substantially similar law suits involving almost identical claims against RMG since 2019. See, *Jose Luis Arreola v. Receivable Management Group, Inc., et al.*, U.S.D.C. for the Southern District of Florida, Civil Action File No. 1:19-cv-24624 -MGC. *Juan Carlos Diaz v. Receivable Management Group, Inc.,* U.S.D.C. for the Southern District of Florida, Civil Action File No. 1:21-cv-22172. *David Garcia v. PVL Associates, Inc., and Receivable Management Group, Inc*., County Court of the 11th Judicial Circuit, Miami-Dade County, Florida, Case No. 2021-009530-SP-05. *Carl Glover v. Receivable Management Group, In*c., et al, County Court for the 11th Judicial Circuit, Miami-Dade County, Florida, Case No. 2020-025850-SP-05.

attorney may have substantial experience, a prevailing plaintiff is "not entitled to have the losing party pay for an attorney with the most experience on a given issue, regardless of the price, but only for the one with reasonable experience at the market rate." *Westlake,* 2016 U.S. Dist. LEXIS at * 7-8; citing, *Ceres Envtl. Servs., Inc., v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Circ. 2012). Since this case involved a non-complex, run-of-the mill FDCPA case, rates of $525 and $625 an hour are unreasonable. This factor favors a lower hourly rate than requested.

### ii. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case

Awarding a higher rate may be warranted if handling a case precludes the attorney from accepting other cases. Millan does not come forward with any evidence that his attorneys were precluded from representing other clients due to this case. Mr. Patti's affidavit indicates that he practices predominately in the United States District Court for the Southern District of Florida. A review of that Court's docket shows that since December 10, 2021, when this case was filed, Mr. Patti has 154 open cases in that court. That equates to Mr. Patti filing roughly 25 cases a month. This does not include the lawsuits that Mr. Patti has filed in state court. Based on the high volume of cases filed by Mr. Patti, it is highly unlikely that handling Millan's case prevented either Mr. Patti or Mr. Herman from accepting other cases. This factor favors a lower hourly rate than requested.

### iii. The Customary Fee in the Community and Awards in Similar Cases

RMG will combine two factors – the customary fee in the community and awards in similar cases – and discuss them together. The prevailing legal community is the Orlando

Division of the Middle District of Florida.[3] *Norman*, 836 F. 2d at 1299. Mr. Patti is seeking a rate of $525 an hour and Mr. Herman is seeking a rate of $625 an hour. Mr. Patti has been practicing law for less than 7 years and his practice has focused on consumer litigation. Mr. Herman was originally barred in 1984 but has only been practicing consumer litigation since 2006. Although Mr. Herman's practice has focused on consumer litigation for approximately 16 years, during that time Mr. Herman was suspended from the practice of law between July 11, 2015, and February 6, 2017, therefore, reducing his experience in this area of law to 14.5 years.

For FDCPA cases in the Orlando Division, this court has found the following hourly rates reasonable based on the attorney's experience:

- $275 an hour for an undefined amount of experience . *Sandler*, 2019 U.S. Dist. LEXIS at * 14;
- $300 an hour for an attorney with 15 years' experience. *Alston v. Summit Receivables*, 6:17-cv-1723, 2018 U.S Dist. LEXIS 118978, * 28 (M.D. Fla. June 27, 2018), adopted by *Alston v. Summit Receivables*, 6:17-cv-1723, 2018 U.S. Dist. LEXIS 118617 (M.D. Fla. July 17, 2018).
- $450 an hour for attorneys with between 19 and 27 years of experience. *Baez v. LTD Fin. Servs., L.P.*, 6:15-cv-1043, 2019 U.S. Dist. LEXIS 86949, * 10 (M.D. Fla. May 23, 2019).[4]

In other divisions within this District, courts have found the following rates reasonable in FDCPA cases:

- $225 for an attorney with 7 years' experience. *Victor v. Petrousky*, 6:19-cv-788, 2020 U.S. Dist. LEXIS 223978, * 12-13 (M.D. Fla. Nov. 2, 2020), adopted by *Victor v. Petrousky*, 6:19-cv-788, 2020 U.S. Dist. LEXIS 230705 (M.D. Fla. Dec. 1, 2020).
- $300 an hour to an attorney with 5 years' experience. *Frechete v. Nat'l Credit Sys.*, 8:19-cv-37, 2020 U.S. Dist. LEXIS 240234, * 10 (M.D. Fla. Mar. 30, 2020), adopted by *Frechete v. Nat'l Credit Sys.*, 8:19-cv-37, 2020 U.S. Dist. LEXIS 244812 (M.D. Fla. July 7, 2020).
- $300 for an attorney with 19 years' experience. *Victor*, 2020 U.S. Dist. LEXIS at 11.

---

[3] Mr. Millan and Mr. Herman do not have come forward with any evidence of the prevailing market rate in that Division.

[4] As the Court noted, that was not a straightforward FDCPA case. Instead, it involved a class action that went to trial and was appealed. Here, Millan's case was straightforward and was resolved after a few months.

- $340 for an attorney with between 11- and 14-years' experience. *Mraz v. I.C. Sys.,* 2:18-cv-254, 2021 U.S. Dist. LEXIS 171271 (M.D. Fla. Aug. 23, 2021) adopted by *Mraz v. I.C. Sys.,* 2:18-cv-254, 2021 U.S. Dist. LEXIS 169829 (M.D. Fla. Sept. 8, 2021).
- $390 for an attorney with 30 years experience. *Id*.

In various other litigation, Magistrate Judge Kidd has recommended a rate of $140.00 for an associate with an undefined amount of experience in an employment discrimination case (*Mackey v. Fairwinds Credit Union*, 6:19-cv-1921, 2020 U.S. Dist. LEXIS 257141 (M.D. Fla. Aug. 18, 2020)) and $450.00 an hour in a breach of insurance case with an attorney of 25 years' experience (*Bendick v. USAA Cas. Ins. Co.* 6:19-cv-118, 2021 U.S. Dist. LEXIS 140544 (M.D. Fla. June 3, 2021)).

Based on the rates awarded in the Orlando Division, the rates requested by Mr. Patti and Mr. Herman are completely and utterly unreasonable. They exceed, by several hundred dollars, rates awarded by other attorneys with a lot more experience and in more complex cases than the one at bar. For example, in *Baez,* this Court awarded attorneys with between 19 and 27 years of experience $450 an hour. In awarding such a fee, the Court held that that case was "not a straightforward FDCPA" and that it was a "class action [that] involved a novel legal theory and was fiercely litigated by the parties." *Baez*, 2019 U.S. Dist. LEXIS at *6 to 10. Here, neither Mr. Patti nor Mr. Herman has such level of experience concerning FDCPA litigation. Yet, they still request more than $75 and $175 an hour for a non-trial, non-appeal, non-class action straightforward FDCPA case that was resolved prior to commencement of any federal court discovery. Even in a time of record inflation, there is no legal or factual justification for such hourly rates in this Court. This factor favors a lower hourly rate than requested.

### iv. Whether the Fee is Fixed or Contingent

Millan's counsel were working on a contingent basis. Although a contingency fee does favor a higher hourly rate, Millan's requested rates are still unreasonable. RMG has cited to

other FDCPA (contingent fee cases) and both attorney's rates exceed those by several hundred dollars an hour. Although this factor favors a higher rate, it does not favor the rate requested.

### v. Time Limitations Imposed By the Client or Circumstances

Millan does not indicate whether any time limitations were imposed by him or the circumstances of the case. It does not appear that there was time crunch to file suit as the letter at issue was dated March 1, 2021 and suit was filed on December 10, 2021, which is well within the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d). Since there were no such constraints, there is no need for an hourly rate that greatly exceeds the rate provided by this court to attorneys with substantially more experience in complex cases. This factor favors a lower hourly rate than requested.

### vi. The Amount Involved and the Results Obtained

Under the FDCPA, a successful plaintiff can recover up to $1,000 in statutory damages and any actual damages. 15 U.S.C. § 1692k(a). Here, Millan accepted an offer of judgment of $2,000. This is less than the amount that Millan was seeking. In his Complaint, Millan indicated that the amount in controversy was between $8,000 and $15,000, excluding costs, interest and attorneys' fees. Although Mr. Millan will be compensated for his damages, such award is between $6,000 and $13,000 less than what he was seeking. Since Millan is recovering dramatically less than what was sought, that does not merit awarding his attorneys $525 and $625 for obtaining such a result. This factor favors a lower hourly rate than requested.

### vii. Experience, Reputation and the Ability of the Attorney

Mr. Patti's affidavit states that he was barred in September 2015, practices predominantly in the Southern District of Florida and practices almost exclusively in consumer protection cases.

Such an affidavit only provides limited insight into experience and completely fails to provide any information whatsoever as to his reputation or ability as an attorney. He does not cite to any landmark cases he has litigated, nor does he provide any information for this court to award an inflated rate of $525 an hour. Instead, he relies on a Southern District of Florida case which awarded him $375 a year ago. Mr. Herman, on the other hand, provides more information regarding his experience. However, a large portion of such experience (acting as a mediator and arbitrator) does not impact this case or reflect the work he performed. This factor favors a lower hourly rate than requested.

> viii. **The Undesirability of the Case**

The undesirability of accepting a case will factor into determining the reasonable of an hourly rate. This Court has held that the availability of statutory damages under the FDCPA undermines the undesirability argument. *Baez*, 2019 U.S. Dist. LEXIS at * 8. Millan was seeking and obtained an award for statutory damages. Since this is not an undesirable case, that cuts against Millan's request for an unreasonable hourly rate for his attorneys.

> ix. **The Nature and Length of Professional Relationship With Client**

Lastly, there is no evidence regarding the nature and length of the professional relationship with Millan. It appears that Millan's relationship with his attorneys is limited to this case and a second case filed against RMG. As stated above, since this case was filed, Mr. Patti has filed 154 other cases regarding other consumers. This indicates that Mr. Patti's practice is a volume practice not limited to one or a handful of clients. Instead, such a practice involves hundreds of clients with hundreds of cases, as indicated in Mr. Patti's affidavit indicates he has been involved in over 500 individual consumer cases in less than 7 years of practice. This factor weighs in favor of a lower hourly rate for Millan's counsel.

### b. Recommendation

Applying the *Johnson* factors to this case, Millan's request for $525 and $625 for his attorneys is unreasonable. This was a straightforward FDCPA case involving one claim. No discovery was conducted, no depositions were taken, and no dispositive motions were filed. The time entries reflect, in essence, they drafted the complaint, drafted the case management report and accepted the offer of judgment. Millan's attorneys have not come forward with any evidence supporting a claim for such inflated rates. *Baez* is instructive. The Court found that attorneys with substantially more experience (between 19 and 27 years) in a class action that went to trial and appealed were entitled to a rate of $450 an hour. *Baez* is a good example that higher rates should be limited to the most skilled attorneys litigating complex cases. *Westlake,* 2016 U.S. Dist. LEXIS at * 7. Millan's counsel has not come forward with evidence showing that they should receive a rate reserved for the most skilled attorneys litigating complex cases.

Mr. Patti has less than seven years of experience. RMG is unaware of any case within this Division awarding an attorney with comparable experience a reasonable hourly rate in an FDCPA case. Within the District, attorneys with between five and seven years' experience have been awarded $225 and $300 an hour. *Frechete v. Nat'l Credit Sys*., 2020 U.S. Dist. LEXIS at * 10. *Victor,* 2020 U.S. Dist. LEXIS at * 12-13. RMG contends that based on the above factors and other rates with comparable experience that a rate of $262.50, which is splitting the difference between $225 and $300, is a reasonable hourly rate for Mr. Patti.

Mr. Herman testified that he has been practicing consumer litigation since 2006 and has approximately 14.5 years in experience. In *Alston v. Summit Receivables*, this Court held that an attorney with 15 years of experience in a straightforward FDCPA case $300 was a reasonable hourly rate within this Division. *Alston,* 2018 U.S Dist. LEXIS at * 28. RMG contends that

based on the above factors and other rates with comparable experience that a rate of $300 is a reasonable hourly rate for Mr. Herman.

### III. Reasonable Hours

The next step in the analysis is determining the reasonableness of an attorney's hours in litigating a case. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Sandler*, 2019 U.S. Dist. LEXIS at 14, citing *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). When a court finds that an attorney's fees are unreasonable the court can cut specific hours or make an across-the-board reduction. *Id.*[5]

Millan's attorney's billing entries include excessive and unnecessary time along with clerical work that is not compensable. For the following reasons, Millan's attorneys time must be greatly reduced.

#### A. Excessive and/or Unnecessary Time

##### a. Herman

Mr. Herman's failed to conduct billing judgment and his time entries include excessive and unnecessary time. Such excessive and unnecessary time falls into three categories: 1) time spent on unrelated cases; 2) time spent on a second case filed by Millan against RMG and 3) time spent litigating a case against the creditor.

###### i. Time Spent On Unrelated Cases.

An attorney can only recover fees for the relevant litigation. *Loranger v. Stierheim*, 10 F. 3d 776, 782 (11th Cir. 1994). Here, the relevant litigation is Millan's FDCPA case regarding

---

[5] Courts have found that a 75% to 85% reduction in hours in FDCPA cases is proper. See, *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 Fed. Appx. 161 (11th Cir. 2008), *Westlake v. Atl. Recovery Solutions, LLC*, 8:15-cv-1625, 2016 U.S. Dist. LEXIS 7692 (M.D. Fla. Jan. 22, 2016),*Vega v. Orlando Hous. Auth.*, 6:14-cv-1700, 2015 U.S. Dist. LEXIS 122759 (M.D. Fla. Sept. 15, 2015).

RMG's March 2, 2021 letter in an attempt to collect a debt owed to the creditor, Radiology Associates of South Florida. Mr. Herman's billing records show that he has billed for claims not included in this case. Such entries included other medical service providers, that are not Radiology Associates of South Florida, and other unrelated bills. The following are time entries that do not relate to Millan's FDCPA claims against RMG.

| Date | Attorney | Entry | Time Billed | Amount Sought |
|---|---|---|---|---|
| 8/2/2021 | Herman | Receipt and receive of **various medical bills from eight or so medical providers** for determination of **440.13 violations** | .8 | $500.00 |
| 8/2/2021 | Herman | Analysis review of collection **statements** | .4 | $250.00 |
| 8/2/2021 | Herman | Communication to client regarding status of **medical bills and offered services regarding collection accounts** | .5 | $312.50 |
| 12/10/2021 | Herman | Analysis and review of **additional collection notices received since initial communication with client** | .3 | $187.50 |
| 12/10/2021 | Herman | Communication with claimant attorney regarding status of comp case and any follow up from communication with adjuster on payment of **outstanding bills** | .3 | $187.50 |
| 1/21/2021 | Herman | Receipt and review of new bill from **South Miami Hospital** | .4 | $250.00 |
| 2/8/2022 | Herman | Receipt and review of **Doral Hospital** records for date of service 091820 and review for work or workers comp references | .9 | $562.50 |
| 2/8/2022 | Herman | Review of additional documentation from **South Miami Urgent Care** | .3 | $187.50 |
| 2/8/2022 | Herman | Receipt review of **Saint Cloud Regional Medical Center** records for determination of workers comp references | .4 | $250.00 |
| | | Total | 4.3 | $2,695.50 |

These time entries do not relate to Mr. Herman's work on Millan's FDCPA case regarding the RASF debt. As such, this time must be excluded as excessive and/or unnecessary.

### ii. Time Spent On Another Millan Case Against RMG.

Millan filed two cases against RMG. This is the first case, and it pertains to violations of the FDCPA stemming from a collection letter. In the second lawsuit, Millan alleged that RMG credit reported his debt, he disputed the credit reporting with Trans Union, LLC and RMG failed to conduct a reasonable investigation of his dispute, therefore, violating the Fair Credit Reporting Act ("FCRA"). *See*, *Pedro Millan v. Trans Union, LLC and Receivable Management Group, Inc.,* United States District Court for the Middle District of Florida, Orlando Division, Civil Action File No. 6:22-cv-00212-CEM-LHP ("*Millan II*"). Unlike this case, in *Millan II* RMG served written discovery on Millan. Mr. Herman's time entries make it clear that he included billing for *Millan II* in this case because those entries include references to credit reporting, the FCRA and responding to discovery. RMG did not serve written discovery requests on Millan in this case, therefore, any time Mr. Herman billed regarding responding to discovery is not related to this case and is, instead, applicable to *Millan II*. Ultimately, Millan and RMG agreed to dismiss the *Millan II* with prejudice with "[e]ach party to bear its own fees and costs." *Millan II*, Doc. 17. That dismissal forecloses Mr. Herman's attempt to obtain fees from *Millan II* in this case. The following entries from Mr. Herman relate to *Millan II*, not this case. Therefore, the following time must be excluded:

| Date | Attorney | Entry | Time Billed | Amount Sought |
|---|---|---|---|---|
| 12/10/2021 | Herman | Communication with client regarding credit reporting of certain accounts from debt collectors and for follow up on **credit reporting dispute** | .3 | $187.50 |
| 12/31/2021 | Herman | Preparation and review of **dispute letters to the credit reporting** | .6 | $375.00 |

| | | **agencies** and debt collectors reporting to **client credit report** | | |
|---|---|---|---|---|
| 1/10/2022 | Herman | Analysis review of **response from credit bureaus to dispute** over collection accounts | .4 | $250.00 |
| 2/1/2022 | Herman | Communication with client regarding signing **FCRA retainer for proceeding on credit reporting case** | .3 | $187.50 |
| 2/3/2022 | Herman | Communication from client regarding **status of credit reporting dispute** and request for information on case status | .3 | $187.50 |
| 2/9/2022 | Herman | Communication from client regarding status of case and update on **status of credit reporting** | .2 | $125.00 |
| 4/1/2022 | Herman | Analysis review file regarding **status of continued credit reporting** | .2 | $125.00 |
| 4/8/2022 | Herman | Follow up co-counsel on **responses to discovery requests as completed by client** | .3 | $187.50 |
| 4/11/2022 | Herman | Receipt review of offer of judgment and letter from RMG regarding status of account and **credit reporting** | .2 | $125.00 |
| 4/12/2022 | Herman | Communication from client **regarding status of answers for interrogatories** and status of case | .2 | $125.00 |
| 4/13/2022 | Herman | Detail communication with client regarding **completion of interrogatories** and status of discovery request | .3 | $187.50 |
| 4/21/2022 | Herman | Various emails for co-counsel on status of **completion of discovery by client** | .3 | $187.50 |
| | | **Total** | **3.6** | **$2,250.00** |

Pursuant to *Loranger*, only time spent on the relevant litigation is compensable. *Loranger v. Stierheim*, 10 F. 3d 782. Since these time entries clearly relate to *Millan II*, not this case, and that Millan has already agreed to bear those attorney's fees, these fees must be excluded. For these reasons, Mr. Herman's time must be reduced by 3.6 hours.

iii. **Time Spent Litigating Against RASF**.

Lastly, Mr. Herman's billing records include time entries for his client's case against the creditor, RASF. See, *Pedro Juan Millan v. Radiology Associates of South Florida LLC*, In the County Court of the 9th Judicial Circuit in and for Osceola County, Florida, Case No. 2021 CC 004266 CL. The docket of that case reflects that in February 2022, RASF served written discovery on Millan. To be clear, RMG did not serve discovery requests in this case. Mr. Herman includes the following time entries in February 2022.

| Date | Attorney | Entry | Time Billed | Amount Sought |
|---|---|---|---|---|
| 2/8/2022 | Herman | Analysis and review of interrogatories to **plaintiff from Radiology Associates** | .6 | $375.00 |
| 2/28/2022 | Herman | Analysis review of request reduction discussion with client on response for suit with **Radiology Associates and anticipated discovery** from RMG | .5 | $312.50 |
| | | Total | 1.1 Hours | $687.50 |

These entries clearly relate to Millan's case against RASF, not RMG. Since that time does not relate to this case it must be excluded.

In summary, Mr. Herman's time must be reduced by 9 hours as they are excessive and/or unnecessary.

b. **Patti**

Mr. Patti's time entries also include excessive and unnecessary time. Every few days Mr. Patti included a nebulous billing entry as "review and assessment of file." In total, Mr. Patti billed this entry 15 times for a total of 2.9 hours. As this matter involved a single FDCPA claim and the offer of judgment was accepted prior to either party conducting any discovery in federal court, such entries are unnecessary and excessive. Defendant recommends that 1 hour for

"review and assessment of file" is necessary and reasonable, therefore, his time should be reduced by 1.9 hours.

   B. **Clerical**

Even if not excessive, attorneys cannot be compensated for time spent doing purely clerical tasks. *Raimondi v. Zakheim & Lavrar, P.A.*, 6:11-cv-480, 2012 U.S. Dist. LEXIS 55590 (M.D. Fla. April 5, 2012), adopted by *Raimondi v. Zakheim & Lavrar, P.A*, 6:11-cv-480, 2012 U.S. Dist. LEXIS 55591 (M.D. Fla. April 20, 2012). Mr. Patti billed clerical time for "receipt" of documents filed with the Court. The following is a list of clerical entries that are non-compensable:

| Date | Attorney | Entry | Time Billed | Amount Sought |
|---|---|---|---|---|
| 12/10/2021 | Patti | Receipt of Referral | .1 | $52.50 |
| 12/10/2021 | Patti | Case filed | .1 | $52.50 |
| 12/10/2021 | Patti | Filing receipt 140150293 | .1 | $52.50 |
| 12/10/2021 | Patti | Case accepted 2021 CC 004253 CL | .1 | $52.50 |
| 12/14/2021 | Patti | Receipt of summons | .1 | $52.50 |
| 12/14/2021 | Patti | Review of docket for new entries | .1 | $52.50 |
| 1/10/2022 | Patti | Sent for service | .1 | $52.50 |
| 1/10/2022 | Patti | Conformation of service request | .1 | $52.50 |
| 1/12/2022 | Patti | Receipt of service update | .1 | $52.50 |
| 1/12/2022 | Patti | Notice of service completed | .1 | $52.50 |
| 1/12/2022 | Patti | Receipt of return of service | .1 | $52.50 |
| 2/1/2022 | Patti | Receipt of e-filing notice re: notice of removal (part 1) | .1 | $52.50 |
| 2/1/2022 | Patti | Receipt of e-filing notice re: notice of removal (part 1) | .1 | $52.50 |
| 2/1/2022 | Patti | Review of notice of removal (6:22-cv-00197) | .1 | $52.50 |
| 2/1/2022 | Patti | Receipt of e-filing notice [D.E. 3 Local Rule 2.01(A) | .1 | $52.50 |
| 2/1/2022 | Patti | Receipt of e-filing notice [D.E. 4] order on discovery motions[6] | .1 | $52.50 |

---

[6] Mr. Patti billed two entries for several documents. For example, he billed .1 for "Receipt of e-filing notice [D.E. 4] order on discovery motions" and then billed .1 for "Review of order on discovery motions." The "receipt" entries are merely clerical actions of accessing the documents from the Court and are not compensable attorney time.

| Date | | Description | | |
|---|---|---|---|---|
| 2/2/2022 | Patti | Receipt of e-filing notice [D.E. 5] initial order | .1 | $52.50 |
| 2/2/2022 | Patti | Receipt of e-filing notice [D.E. 6] paper notice regarding local rule compliance | .1 | $52.50 |
| 2/2/2022 | Patti | Receipt of e-filing notice [D.E. 7] defendant's certificate of interested persons and corporate disclosure statement | .1 | $52.50 |
| 2/8/2022 | Patti | Receipt of e-filing notice [D.E. 9] defendant's answer. | .1 | $52.50 |
| 2/9/2022 | Patti | Receipt of e-filing notice [D.E. 10] plaintiff's notice of lead counsel designation. | .1 | $52.50 |
| 2/9/2022 | Patti | Receipt of e-filing notice [D.E. 11] plaintiff's certificate of interested persons. | .1 | $52.50 |
| 2/9/2022 | Patti | Receipt of e-filing notice [D.E. 12] plaintiff's notice of related actions. | .1 | $52.50 |
| 3/31/2022 | Patti | Receipt of e-filing notice [D.E. 13] case management report | .1 | $52.50 |
| 4/4/2022 | Patti | Receipt of e-filing notice [D.E. 15] order directing parties to confer and select mediator | .1 | $52.50 |
| 4/4/2022 | Patti | Receipt of e-filing notice [D.E. 16] referring case to mediation. | .1 | $52.50 |
| 4/18/2022 | Patti | Receipt of e-filing notice [D.E. 17] notice of mediation conference scheduling. | .1 | $52.50 |
| 4/20/2022 | Patti | Receipt of e-filing notice [D.E. 18] notice of acceptance of offer of judgment | .1 | $52.50 |
| 5/9/2022 | Patti | Receipt of e-filing notice [D.E. 19] regarding judgment to be entered against Defendant | .1 | $52.50 |
| 5/10/2022 | Patti | Receipt of e-filing notice [D.E. 20] regarding judgment entered against defendant | .1 | $52.50 |
| | | **Totals** | **3 hours** | **$1,575.00** |

Because this time was clerical is nature, Millan's attorney cannot recover that time. Therefore, Mr. Patti's time must be reduced by 3 hours to exclude this clerical time.

Furthermore, Mr. Patti has included 2.9 hours for entries that merely states "Correspondence to opposing counsel" or "Receipt and review of correspondence from opposing counsel." A review of this correspondence reflects that a large portion of that correspondence relates to scheduling calls between the Parties. Scheduling correspondence is merely clerical time and should not be compensable as attorney time. Some of that correspondence did relate to the claims and should not be eliminate in their entirety. RMG contends that only 1 hour related to that correspondence is compensable; therefore, his time should be reduced by 1.9 hours.

In summary, Mr. Patti's time must be reduced by 4.9 hours to exclude clerical time.

C. **Recommendation**

Based on the above, RMG contends that the following are reasonable hours for Mr. Patti and Mr. Herman:

| Attorney | Hours Sought | Excessive/ Unnecessary | Clerical | Reasonable Hours |
|---|---|---|---|---|
| Patti | 20.3 Hours | - 1.9 Hours | - 4.9 Hours | 13.5 Hours |
| Herman | 12.7 Hours | - 9 Hours | 0 Hours | 3.7 Hours |
| **Total** | **33 Hours** | **-10.9 Hours** | **- 4.9 Hours** | **17.2 Hours** |

## CONCLUSION

For the foregoing reasons, RMG contends that the following are reasonable hourly rates and reasonable hours for this litigation:

| Attorney | Reasonable Hourly Rate | Reasonable Hours | Reasonable Attorneys Fees |
|---|---|---|---|
| Patti | $262.50 | 13.5 Hours | $3,543.75 |
| Herman | $300 | 3.7 Hours | $1,110.00 |
| | Total | 17.2 Hours | $4,653.75 |

Respectfully submitted this 6th day of June 2022.

                                                   **BEDARD LAW GROUP, P.C.**

                                                  /s/ Jonathan K. Aust
                                                  Jonathan K. Aust
                                                  Florida Bar No. 1033458
                                                  *Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
DIVISION ORLANDO

| PEDRO JUAN MILLAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action File No. |
| | ) | 6:22-cv-00197-CEM-EJK |
| RECEIVABLE MANAGEMENT GROUP, INC. | ) ) | |
| Defendant. | ) ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed Defendant's Response in Opposition to Plaintiff's Motion for Attorney's Fees using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Paul Herman
paherman1956@gmail.com

Thomas J. Patti, III
tom@jibraellaw.com

Respectfully submitted this 6th day of June 2022.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Florida Bar No. 1033458
*Counsel for Defendant*