UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:22-cv-00197-CEM-EJK

PEDRO JUAN MILLAN,

    Plaintiff,

v.

RECEIVABLE MANAGEMENT GROUP INC,

    Defendant.

_____/

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff Pedro Juan Millan ("Plaintiff") submits this Reply to the Response in Opposition [Doc. 22] (the "Response") filed by Defendant Receivable Management Group Inc ("Defendant") to the Motion for Attorneys' Fees [Doc. 21] (the "Motion").

### 1.    INTRODUCTION

Defendant frames Plaintiff's case[1] as "a non-complex, run-of-the mill FDCPA case," Response at 5, that was "straightforward" and "did not involve (or require) extensive time or labor." Id. at 4. Yet, the portrait Defendant proffers misrepresents reality and the exceptional results obtained by counsel for Plaintiff.

Simply put, Defendant obfuscates the complex and novel nature of the FDCPA, as well as the specific FDCPA claim of Plaintiff. Moreover, Defendant marginalizes the skills, experience, and reputation of counsel for Plaintiff, the likes of which were

---

[1] Plaintiff claims Defendant violated the FDCPA by attempting to collect a specific debt from Plaintiff because said debt arose from the treatment of a work-place injury sustained by Plaintiff.

Page **1** of **8**

prerequisites to the exceptional results obtained. As discussed below, the hourly rates sought by counsel for Plaintiff, $525 for Attorney Patti and $625 for Attorney Herman,[2] are reasonable in light of the applicable market rate, and the skills, experience, and reputation, needed to achieve the outcome of this case, *to wit*, an award of damages that is double the statutory maximum plus reasonable attorney's fees and costs.

## 2. REASONABLE ATTORNEYS' FEES

In determining what constitutes reasonable attorneys' fees, there is no specific rule or formula that the Court must follow. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). Pointedly, "district courts have wide discretion in making a fee award." United States ex rel. Jacobs v. Patrol Servs., 202 F. App'x 357, 362 (11th Cir. 2006). That being said, "[a]lthough there is not one method available to achieve a fair and sensible solution, there are some generally-accepted guideposts to inform the district court's discretion." Patrol Servs., 202 F. App'x 357 at 362, *see, e.g.,* Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) (listing twelve factors).

Indeed, "[t]he general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (citation omitted). The general rule, however, does not apply if the

---

[2] On December 01, 2021, counsel for Plaintiff each increased their respective hourly rate by 25 percent (from $420 and $500 to $525 and $625, respectively) to address forthcoming economic inflation, as well as success obtained in Kottler.

Page **2** of **8**

place where the case was filed lacks attorneys willing and able to handle the applicant's claim. Id. ("[i]f a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, [the applicant] must show a lack of attorneys practicing in that place who are willing and able to handle his claims."); see Akinwale v. Aa Recovery Sols., No. 8:20-cv-01908-SDM-AEP, 2020 U.S. Dist. LEXIS 245662, at *15 (M.D. Fla. Dec. 4, 2020) ("In this context, 'market rate' means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, **if indeed such an attorney exists**." (emphasis added) (citations omitted)).

Attorney Patti and Attorney Herman both hail from the Southern District and are considered non-local attorneys. The successful prosecution of Plaintiff's unique-natured claims commanded two areas of expertise: [1] specialized knowledge of Florida's worker compensation laws and expertise litigating within Florida's worker-compensation system, of which was provided by Attorney Herman; and [2] specialized knowledge of the FDCPA and FCCPA, experience litigating consumer protection cases in both state and federal court and historical success in pioneering violations of the FDCPA, of which was provided by Attorney Patti.

Here, attorneys with the unique qualifications and skills commanded by counsel for Plaintiff are simply not within Middle District. Claims of the same type as Plaintiff's are, by large, exclusively prosecuted by Plaintiff's Counsel. Moreover, fact that Plaintiff, an individual that resides within the Middle District, chose to hire non-local attorneys evidences the vast scarcity, if not complete absence, of appropriate

attorneys within the Middle District. As such, the relevant market is within the Southern District. As elaborated in the context of the Johnson factors below, the highly specialized nature of Plaintiff's particular FDCPA claim, *along with the unique experience, skills, and reputation exclusively had by counsel for Plaintiff*, necessitate looking beyond this District's typical rates for claims arising under the FDCPA.

In consumer litigation actions in the Southern District, based on their relevant experience, attorneys have received awards between $400.00 and $600.00 an hour. *See, e.g.*, Gonzalez v. Dynamic Recovery Solutions, LLC, Nos. 14-24502, 14-20933, 2015 U.S. Dist. LEXIS 22612, 2015 WL 738329, at *4 (S.D. Fla. Feb. 23, 2015) (*Bloom, J.*) (finding that an hourly rate of $400 to be reasonable in an FDCPA case); Fresco v. Auto. Dirs., No. 03-61063, 2009 U.S. Dist. LEXIS 125233, 2009 WL 9054828, at *7-8 (S.D. Fla. Jan. 20, 2009) (*Martinez, J.*) (rates ranging from $400 for associates to $600 for a senior partner were reasonable in a fee-shifting case under the Driver's Privacy Protection Act). In this regard, the hourly rates sought by counsel for Plaintiff are within the range of reasonability for attorneys within the relevant market. As such, in light of the unique experience, skills, and reputation exclusively had by counsel for Plaintiff, and the absence of appropriate attorneys within the Middle District, the relevant market is within the Southern District of Florida.

## 2.1   RELEVANT JOHNSON FACTORS

As the record shows, Plaintiff filed this case in state court. *See* Doc. 1-1. Defendant removed Plaintiff's case to this Court because the claim "presents a federal question." Doc. 1 at 1-2, ¶ 3. Defendant's decision to invoke this Court's jurisdiction

is inconsistent with the "*non-complex, run-of-the mill FDCPA case*" narrative Defendant unfurls. As such, the "**time and labor**" factor favors the hourly rates sought by counsel for Plaintiff.

Further, the successful prosecution of any FDCPA requires intimate knowledge of complex and novel legal theories. See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., 559 U.S. 573, 587 (2010) ("a comprehensive and complex federal statute such as the FDCPA that imposes open-ended prohibitions on, *inter alia*, 'false, deceptive,' § 1692e, or 'unfair' practices, § 1692f"). For example, although Plaintiff's claim, indeed, presents a federal question, Plaintiff's case was strategically filed in state court to condemn any Article III standing challenge from Defendant.[3] This strategy is critical because an Article III standing challenge can be levied at any stage in the litigation, KH Outdoor, L.L.C. v. Fulton Cty., 587 F. App'x 608, 610 (11th Cir. 2014), and the statute of limitations for claims arising under the FDCPA is one year. 15 U.S.C. § 1692k(d). An attorney inexperienced in FDCPA prosecution would file Plaintiff's case in federal court and, in so doing, unnecessary avail Plaintiff to dismissal for lack of subject matter jurisdiction after the statute of limitations has run. This detrimental pitfall was avoided by counsel for Plaintiff.

---

[3] *See* Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) ("Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." (citations omitted)).

Make no mistake, however, Defendant has levied other novel and complex jurisdictional attacks[4] against claims identical to Plaintiff's until the Florida Supreme Court ruled in favor of counsel for Plaintiff[5] in Lab. Corp. of Am. v. Davis, Nos. SC19-1923, SC19-1936, 2022 Fla. LEXIS 848, at *16 (May 26, 2022) (affirming that the plaintiff's claim *was not* within the exclusive jurisdiction of Florida Workers' Compensation Law). This demonstrates that Plaintiff's case is complex in nature and, by large, required lengthy litigation to obtain favorable results. Moreover, beyond challenges to subject matter jurisdiction, the *bona fide error* affirmative defense, 15 U.S.C. § 1692k(c), commands highly specialized knowledge and expertise to successfully overcome, the likes of which Plaintiff's counsel recently surmounted. *See* Kottler v. Gulf Coast Collection Bureau, Inc., 847 F. App'x 542 (11th Cir. 2021).[6]

To characterize Plaintiff's case as something that "did not require exception skill" or as "non-complex" ignores the highly specialized knowledge and experience needed by counsel for Plaintiff to secure the beyond exceptional result obtained of twice the maximum amount of statutory damages permitted under the FDCPA. More critically, such characterization ignores that counsel for Plaintiff are responsible for pioneering FDCPA claims and litigation, *see, e.g.,* Lee v. McCarthy, 297 F. Supp. 3d 1343 (S.D. Fla. 2017), as well as Plaintiff's specific FDCPA claim. As such, in light of

---

[4] Attached as Exhibit "A" is a copy of an Answer filed by Defendant in a separate case. *See* Exhibit A at 7, ¶ 5 (wherein Defendant argues that the Court lacks subject matter jurisdiction because the therein plaintiff's claim was within the exclusive jurisdiction of Florida Workers' Compensation Law).
[5] The consumers involved in the Davis decision was represented by counsel for Plaintiff.
[6] The consumer involved in the Kottler decision with represented by counsel for Plaintiff.

the above, the "**novelty and difficulty**" factor, the "**skill requisite**" factor, and the "**experience, reputation, and ability**" factor favors the hourly rates sought.

Finally, turning to the results obtained in this action, in addition to reasonable attorneys' fees and costs, counsel for Plaintiff was able to recover an award of damages that is double the statutory maximum. *See* 15 U.S.C. § 1692k(a)(2) ("in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000"). Here, he results obtained by counsel for Plaintiff are exceedingly exceptional because Plaintiff has recovered *twice* the maximum amount of statutory damages Plaintiff would have been entitled under the law. As such, the "**results obtained**" factor favors the hourly rates sought by counsel for Plaintiff.

### 3. CONCLUSION

For the forgoing reasons, the hourly rates of counsel for Plaintiff ($525 for Attorney Patti and $625 for Attorney Herman) are reasonable in light of the applicable market rate, and the skills, experience, and reputation, needed to achieve an award of damages that is double the statutory maximum.

Dated: June 24, 2022

Respectfully Submitted,

 /s/ Thomas J. Patti
THOMAS J. PATTI, ESQ.
Florida Bar No.: 118377
E-mail:  tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:  954-907-1136

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Thomas J. Patti
THOMAS J. PATTI, ESQ.
Florida Bar No.: 118377